IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-0049-D |
| | ) | |
| STATE OF GEORGIA, and | ) | |
| WARDEN OF CENTRAL | ) | |
| STATE PRISON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Christopher A. Jones (Plaintiff), who states that he is a citizen of Oklahoma City who presently resides at the Central State Prison in Macon, Georgia, purports to bring a civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. In the caption of his § 1983 form complaint, he names Georgia and the Warden of Central State Prison as Defendants and, in the body, names Christopher Addarryl Jones as his only Defendant. *Id.* at 1.[1]

**I. Analysis.**

    **A. Allegations and requested relief.**

Plaintiff complains that he was illegally arrested in Oklahoma City in 2006 by a fugitive task force using a falsified fugitive warrant and was falsely

---

[1] The State of Georgia is shown as Defendant/Respondent on Plaintiff's request for in forma pauperis status. Doc. 2, at 1.

imprisoned for several days in the Oklahoma County Jail pending his extradition to Georgia and arraignment in Bibb County. *Id.* at 2-4, 7-9.

He requests the following relief:

> I believe because of these constitutional violations that the illegal arrest of me at my residence in Oklahoma City that my conviction here in Macon, Ga or Georgia Department of Correction should be overturned because of illegal arrest here in Bibb County as well as Oklahoma City[.] I was never arraigned on 3 kidnapping charges and I was indicted twice without an arraignment here in Bibb County.

*Id.* at 5.

## B. Habeas relief is not available in a civil rights action.

Plaintiff complains of false arrest and false imprisonment by individuals in Oklahoma City but he seeks no relief from those unnamed individuals. Instead, he maintains that his Georgia state conviction should be overturned. But a civil rights action brought pursuant to 42 U.S.C. § 1983 "will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (internal citations and quotation marks omitted). To challenge the fact of his confinement, a state prisoner "must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.* at 78.

## II. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends that Plaintiff's claims be summarily dismissed without prejudice to refiling and that his motion for in forma pauperis status, Doc. 2, be deemed moot.[2]

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before February 12, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

IT IS SO ORDERED this 23rd day of January, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[2] Whether a habeas claim under 28 U.S.C. § 2254 remains available to Plaintiff in Georgia is unknown.